BUNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 JAN 23 PM 3: 39

CLERK
BY_____
DEPUTY CLERK

| | |
|---|---|
| DAVID ALLEN, | ) |
| | ) |
| v. | ) Case No. 5:21-cv-280 |
| | ) |
| VERMONT DEPARTMENT OF CORRECTIONS; VITAL CORE; JAMES BAKER; NICHOLAS DEML; MAX TITUS; STEPHEN RIENDEAU; CHARLES PAVLOVIC; JODI GAVIN; STEPHANIE KINDRED; JOHN AND JANE DOES, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER ADOPTING REPORT AND
RECOMMENDATION AND EXTENDING TIME FOR SERVICE**
(Docs. 29, 33)

Before the court is the August 24, 2023 Report and Recommendation of the United States Magistrate Judge ("R & R"). (Doc. 33.) In the R & R, the Magistrate Judge recommends granting Defendants James Baker, Nicholas Deml, and Max Titus's motion to dismiss the claims asserted against them in Plaintiff David Allen's Amended Complaint with prejudice. (Doc. 29.) In this 42 U.S.C. § 1983 action, Plaintiff alleges that his civil rights regarding his medical treatment for Type 1 diabetes—specifically the refusal to provide him an insulin pump—were violated while he was a pretrial detainee. (Doc. 28.) He seeks monetary damages as well as injunctive relief. *Id.* at 43–44. On October 5, 2023, after receiving an extension, Plaintiff timely filed an objection to the R & R as well as additional letters of support from friends and family. (Docs. 38, 39.)

For the reasons discussed below, the R & R is adopted in full for the reasons stated in the R & R, the motion to dismiss is GRANTED, and Defendants Baker, Deml and Titus (the "Supervisor Defendants") are DISMISSED.

## Background

On February 13, 2023, Plaintiff, representing himself and, at that time, a federal pretrial detainee, filed an Amended Complaint alleging Defendants[1] violated his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to adequate medical care. (Doc. 28.) He asserts that his diabetes treatment plan was not followed upon his incarceration and that medical staff and correctional officers provided inadequate medical care to him and retaliated against him for his complaints.

On February 27, 2023, the Supervisor Defendants filed a motion to dismiss the claims against them in the Amended Complaint. (Doc. 29.) On April 14, the court denied Plaintiff's January 13, 2023 motion for a preliminary injunction and temporary restraining order. (Doc. 30.) On May 10, after Plaintiff failed to respond to the motion to dismiss, Magistrate Judge Doyle issued an order directing Plaintiff to respond, or to show cause why no response was required, by June 8, 2023. Plaintiff timely filed a response and, on August 24, Magistrate Judge Kevin Doyle issued an R & R. After seeking and receiving an extension, Plaintiff timely filed an objection to the R&R on September 26, 2023. (Doc. 39.) Plaintiff also filed additional supporting documents. (Docs. 34, 38.)

In his R & R, the Magistrate Judge indicated that Plaintiff's claims against the Supervisor Defendants may be dismissed: (1) because sovereign immunity bars claims for monetary damages against them in their official capacities; (2) because the Amended Complaint does not adequately allege their personal involvement in the constitutional deprivations to support individual capacity claims; and (3) the Amended Complaint fails to state a plausible claim under the Americans with Disabilities Act ("ADA") and thus the court should decline to exercise

---

[1] Plaintiff's Amended Complaint dropped claims against Dr. Miller and added claims against other individual medical personnel, correctional officers, and a caseworker. These Defendants, however, do not appear to have been served with process.

supplemental jurisdiction over any additional state law claims. He further recommended that any claims against the Department of Corrections be dismissed because the Eleventh Amendment bars monetary damages claims against it. (Doc. 33 at 8 n.2.)

## Analysis

A district judge must make a de novo determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405.

### I. Plaintiff's Objection to the R & R

Plaintiff timely filed an objection the R & R. (Doc. 39.) He asserts that his allegations of cruel and unusual punishment are "greater than sufficient" to support his claims under § 1983 because, as a pretrial detainee, the Fourteenth Amendment prohibits conditions amounting to punishment. *Id.* at 2. Plaintiff argues that:

> As far as [Defendants] Nick Deml, James Baker, and Max Titus are concerned, knowing acquiescence in the unconstitutional behavior of subordinates, persistently violat[ing] a statutory duty to inquire about such behavior and to be responsible for preventing it, failure to train or supervise or an official acquiescence in the continued existence of prison conditions which, themselves, are so injurious to prisoners that they amount to a constitutional violation make them responsible.

*Id.* at 4–5 (alteration in original). In support, Plaintiff cites cases from 1986 and 1992. Plaintiff contends that his Amended Complaint contains "plenty to bring a case to trial against each named defendant." *Id.* at 6.

### II. Review of R & R

Although Plaintiff did not address any objections to specific conclusions of the Magistrate Judge, the court will review each section of the R & R as discussed below. *See*

3

*Thomas v. Arn*, 474 U.S. 140, 150 (1985) (explaining a district judge is not required to review the factual or legal conclusions of the magistrate judge as to those portions of an R & R to which no objections are addressed).

### A.     Official-Capacity Claims

Magistrate Judge Doyle recommends that the court find that Plaintiff cannot prevail on his claims for monetary damages against the Supervisor Defendants in their official capacities because the Eleventh Amendment bars such claims. The court agrees. To the extent Plaintiff seeks damages from the Supervisor Defendants in their official capacities, they are immune pursuant to the Eleventh Amendment. *See K&A Radiologic Tech. Servs., Inc. v. Comm'r of Dep't of Health of the State of N.Y.*, 189 F.3d 273, 278 (2d Cir. 1999) (holding that "[s]tates— and state officers, if sued in their official capacities for retrospective relief—are immunized by the Eleventh Amendment from suits brought by private citizens in federal court and, in any event, are not 'persons' subject to suit under § 1983"). Those claims must therefore be DISMISSED. Any claims against the Department of Corrections are also DISMISSED because the Eleventh Amendment bars monetary damages claims against it. *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 254 (2011) ("federal courts may not entertain a private person's suit against a State"); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984) (state agencies and departments are entitled to assert the state's Eleventh Amendment immunity).

### B.     Individual-Capacity Claims

Magistrate Judge Doyle recommends that the court find that the claims against the Supervisor Defendants in their individual capacities must be dismissed because Amended Complaint does not adequately allege their personal involvement in the claimed constitutional deprivations. The court agrees. Plaintiff does not allege that any Supervisor Defendant was personally involved in the provision of medical care to him. Knowledge of an alleged

4

constitutional violation absent the personal involvement of a defendant is insufficient to state a claim under § 1983. *See Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted).

Additionally, a defendant may not be held liable under § 1983 on a theory of supervisor liability. In his objection, Plaintiff cites cases that predate the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "[A]fter *Iqbal*, there is no special rule for supervisory liability. Instead, a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 617 (2d Cir. 2020). Thus, assuming that the alleged failure to provide an insulin pump and other requested treatment posed an excessive risk to Plaintiff, the absence of allegations in the Amended Complaint detailing the individual involvement of any Supervisor Defendant in the determinations with regard to Plaintiff's medical treatment requires the court DISMISS the individual capacity claims.

### C. ADA and State Law Claims

Construing the Amended Complaint liberally, as is required due to Plaintiff's self-represented status, the Magistrate Judge considered whether Plaintiff stated any additional claims, including under the ADA or state law. The court agrees that Plaintiff may not bring a claim against the Supervisor Defendants in their individual capacities for monetary damages under 42 U.S.C. § 12132 and that Plaintiff has not alleged that his allegedly inadequate medical care was motivated by discriminatory animus or ill-will of the Supervisor Defendants as is required to maintain an official-capacity claim. In the absence of a viable claim under federal law against the Supervisor Defendants, and the apparent lack of diversity jurisdiction under

5

28 U.S.C. § 1332(a), the court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367 over any potential claim against the Supervisor Defendants under state law such as negligence.

### D.     Injunctive Relief

Plaintiff also seeks injunctive relief consisting of an individually-tailored diabetes treatment plan including specific monitoring devices, weekly private consultations with the nurse of his choice, dental treatment from Clear Choice specialists, and permanent removal of several Defendants from employment with the State of Vermont or in the medical field. As the court has stated, an "injunction is 'an extraordinary remedy never awarded as of right.'" *Agudath Israel of Am. v. Cuomo*, 980 F.3d 222, 225 (2d Cir. 2020) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). Particularly, "[i]n the prison context, a request for injunctive relief must always be viewed with great caution so as to not immerse the judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (collecting cases).

The court understands that Mr. Allen was released from state custody on October 10, 2023. He remains subject to supervision on probation until 2031. His release from prison renders moot any remaining claim for injunctive relief concerning the nature of his medical care provided by the correctional facility.

### E.     Leave to Amend

Magistrate Judge Doyle recommends that leave to amend the Amended Complaint be denied because Plaintiff has already supplemented and amended his Complaint and because he has not requested a further opportunity to amend. The court agrees and declines to grant a second leave to amend sua sponte. *See Horoshko v. Citibank, N.A.*, 373 F.3d 248, 250 (2d Cir. 2004) (noting a district court does not "abuse[] its discretion in not permitting an amendment that was never requested").

### III.  Service on the Remaining Defendants

Federal Rule of Civil Procedure 4 governs summons and service. Under Rule 4(c)(1), "a summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[.]" Fed. R. Civ. P. 4(c)(1). A summons directs an individual or entity to either defend in a civil action or forgo procedural and substantive rights. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351-53 (1999) (describing "the historic function of service of process as the official trigger for responsive action by a . . . defendant"). Rule 4(l)(1) requires proof of service be filed in court. Rule 4 further provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Self-represented litigants are not excused from complying with procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). In this case, service of process was due by May 15, 2023, ninety days from the filing of the Amended Complaint on February 13, 2023.

Under Rule 4(m), where a defendant has not been served within ninety days of the plaintiff filing the complaint—as appears to be the case here—the court is required to dismiss the action without prejudice or order that service be made within a specified time. The Second Circuit has "interpreted this rule to give wide latitude to courts in deciding when to grant extensions on time to serve, including permitting courts to grant extensions even absent good cause." *Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010). In light of Plaintiff's self-represented status, the court extends the time for Plaintiff to complete service on Defendants

Vital Core, Stephen Riendeau, Charles Pavlovic, Jodi Gavin, Stephanie Kindred, and Jane and John Does. Plaintiff shall cause service of a summons together with a copy of the Amended Complaint on each defendant in accordance with Rule 4 by March 1, 2024. Alternatively, Plaintiff may file properly completed waivers of service. Waivers or proof of service of process by server's affidavit must be filed no later than March 15, 2024. Failure to properly complete service, or to file proof of service as required by Rule 4(l), shall result in dismissal of the action against any defendant who has not waived service or received proper service of process.

## CONCLUSION

After careful review of the file and the R & R, this court ADOPTS Magistrate Judge Doyle's August 24, 2023 Report and Recommendation (Doc. 33). Defendant Baker, Deml, and Titus's motion to dismiss (Doc. 29) is GRANTED and the claims against them are DISMISSED WITH PREJUDICE. Additionally, to the extent Plaintiff asserts claims seeking monetary damages against the Department of Corrections, those claims are also DISMISSED WITH PREJUDICE. Finally, Plaintiff's time to serve the remaining defendants is extended to March 1, 2024. **Plaintiff is warned that failure to file a waiver or proof of service will result in dismissal of the action against any defendant who has not waived service of a summons or received proper service of process.**

The court hereby certifies that under 28 U.S.C. § 1915(a)(3) any interlocutory appeal would not be taken in good faith.

Dated at Rutland, in the District of Vermont, this 23rd day of January 2024.

Geoffrey W. Crawford, Chief Judge
United States District Court