UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

DAVID ALLEN, )
 )
v. ) Case No. 5:21-cv-280
 )
VITAL CORE; STEPHEN RIENDEAU; )
CHARLES PAVLOVIC; JODI GAVIN; )
STEPHANIE KINDRED; JOHN AND )
JANE DOES, )
 )
Defendants. )

### ORDER EXTENDING TIME PERIOD FOR SERVICE OF PROCESS AND WARNING OF DISMISSAL IF SERVICE IS NOT MADE

A review of the docket in this case reveals the following:

1. On December 3, 2021, Plaintiff David Allen, a Vermont inmate representing himself, filed a Complaint and paid the civil case filing fee. (Doc. 1.)

2. On February 8, 2023, Plaintiff filed an Amended Complaint. (Doc. 28.)

3. On February 27, 2023, Defendants James Baker, Nicholas Deml, and Max Titus moved to dismiss the Amended Complaint. (Doc. 29.)

4. On June 14, 2023, Plaintiff opposed the motion. (Doc. 32.)

5. On August 24, 2023, Magistrate Judge Doyle issued a Report and Recommendation ("R & R") recommending that the motion to dismiss be granted and the Amended Complaint be dismissed with prejudice as to those defendants. (Doc. 33.)

6. On January 23, 2024, over Plaintiff's objection, the court adopted the R & R, dismissed the claims against Defendants Baker, Deml, and Titus with prejudice, and extended Plaintiff's time to serve the remaining Defendants to March 1, 2024. (Doc. 41 at 8.)

7. On February 1, 2024, the copy of the January 23 Order sent to Plaintiff was returned to the court as undeliverable.

8. No further filings have been received as of the date of this Order.

As the court has explained, Federal Rule of Civil Procedure 4 provides the framework for service of process once a civil action has been initiated. Proper service is accomplished when the plaintiff causes the summons and a copy of the complaint to be served on the defendant within ninety days after the complaint is filed. Fed. R. Civ. P. 4(c)(1) ("[a] summons must be served with a copy of the complaint"), (m) (requiring service "within 90 days after the complaint

is filed"). Under Rule 4(b): "[T]he plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons . . . must be issued for each defendant to be served." *Id.* 4(b). "The plaintiff is responsible for having the summons and complaint served . . . and must furnish the necessary copies to the person who makes service." *Id.* 4(c)(1). The person who serves the summons and complaint must be at least eighteen years old and not a party to the action. *Id.* 4(c)(2).

Alternatively, under Rule 4(d), a plaintiff may "notify [the] defendant that an action has been commenced and request that the defendant waive service of a summons." *Id.* 4(d)(1). The defendant "has a duty to avoid unnecessary expenses of serving the summons." *Id.* The notice and waiver request must be in writing, addressed to the defendant or an authorized agent, include a copy of the complaint, two copies of the waiver form, a prepaid means for returning the form, inform the defendant of the consequences of waiving and not waiving service, allow at least thirty days for the defendant to return the waiver, and be sent by reliable means, such as via first-class mail.[1] *Id.* 4(d)(a)(A)–(G). If the defendant fails to execute the waiver "without good cause," the court must order the defendant to pay "the expenses later incurred in making service." *Id.* 4(d)(2). "In the absence of service of process (or waiver of service by the defendant, a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *see also Esso Expl. & Prod. Nigeria Ltd. v. Nigerian Nat'l Petrol. Corp.*, 40 F.4th 56, 68–69 (2d Cir.

---

[1] The text of the notice and waiver forms are appended to Federal Rule of Civil Procedure 4 and are available to download at https://www.uscourts.gov/forms/notice-lawsuit-summons-subpoena/notice-lawsuit-and-request-waive-service-summons (site last visited Oct. 2, 2023) and https://www.uscourts.gov/forms/notice-lawsuit-summons-subpoena/waiver-service-summons (site last visited Oct. 2, 2023).

2022) (explaining that for a district court to "lawfully exercise personal jurisdiction over a party[,] the plaintiff's service of process upon the defendant must have been procedurally proper").

Under Rule 4(e), service of process on an individual from whom a waiver of service has not been obtained may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Service may also be accomplished by: (1) "delivering a copy of the summons and of the complaint to the individual personally"; (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." *Id.* 4(e)(2)(A)–(C). Vermont Rule of Civil Procedure 4(d)(1) tracks the Federal Rule 4(e)(2)(A)–(C) for service upon an individual.[2] Rule 4(l)(1) requires proof of service be made to the court and, "[u]nless service is waived, proof of service must be made . . . by the server's affidavit." *Id.* 4(l)(1).

In this case, service of process was initially due by May 15, 2023, ninety days from the filing of the Amended Complaint on February 13, 2023. In light of Plaintiff's self-represented status, the court extended the time for Plaintiff to complete service on Defendants Vital Core, Stephen Riendeau, Charles Pavlovic, Jodi Gavin, Stephanie Kindred, and Jane and John Does to March 1, 2024. Plaintiff was warned that failure to file waivers or proofs of service would result in the dismissal of his case. (Doc. 41 at 8.)

Upon review of the Vermont Department of Corrections Offender Locator, it appears that Plaintiff is no longer incarcerated. Pursuant to this court's Local Rules, a party has an obligation

---

[2] The Vermont Rule specifies that if service of process is made on an agent "designated by statute to receive service, such further notice as the statute requires shall be given." Vt. R. Civ. P. 4(d)(1).

3

to apprise the court of a current mailing address to which a court may mail orders and other notices. D. Vt. L.R. 11(c) ("An attorney or *pro se* party must notify the court of any change of address[.]"). In addition, a party has an obligation to monitor a lawsuit in which he or she is involved, especially if the party has initiated the litigation. *See U.S. ex rel. McAllan v. City of New York*, 248 F.3d 48, 53 (2d Cir. 2001) ("[P]arties have an obligation to monitor the docket sheet to inform themselves of the entry of orders[.]").

Under Rule 4(m), where a defendant has not been served within ninety days of the plaintiff filing the complaint—as appears to be the case here—the court is required to dismiss the action without prejudice or order that service be made within a specified time. The Second Circuit has "interpreted this rule to give wide latitude to courts in deciding when to grant extensions on time to serve, including permitting courts to grant extensions even absent good cause." *Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010). In light of his self-represented status, intervening release from incarceration, and despite the failure to apprise the court of his current address, the court grants Plaintiff an extension of the time to serve process.

Plaintiff's time to serve the remaining defendants in accordance with Rule 4 is extended to April 19, 2024. **Plaintiff is warned that failure to file a waiver or proof of service will result in dismissal of the action against any defendant who has not waived service of a summons or received proper service of process.**

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 12th day of March 2024.

_____
Geoffrey W. Crawford, Chief Judge
United States District Court