UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| DAVID ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:21-cv-280 |
| ) | |
| VERMONT DEPARTMENT OF ) | |
| CORRECTIONS, VITALCORE, STEPHEN ) | |
| RIENDEAU, CHARLES PAVLOVIC, JODI ) | |
| GAVIN, STEPHANIE KINDRED, and ) | |
| JOHN AND JANE DOES, ) | |
| ) | |
| Defendants. ) | |

**ORDER**
**(Docs. 51, 55)**

Plaintiff David Allen, representing himself, has filed this lawsuit under 42 U.S.C. § 1983, alleging that multiple Vermont Department of Corrections (DOC) personnel and DOC health services contractors provided inadequate medical care and failed to properly manage his Type 1 diabetes during his incarceration at the Southern State Correctional Facility (SSCF); he also alleges that they retaliated against him for his complaints. (*See* Doc. 28.) In a prior Order, the court dismissed Mr. Allen's claims against former DOC Commissioner James Baker, current DOC Commissioner Nicholas Deml, and DOC Director of Health Services Max Titus. (Doc. 41.) The court also dismissed Mr. Allen's claims against the DOC itself to the extent those claims sought money damages. (*Id.* at 8.) Noting that the remaining defendants had not been served with process, the court extended Mr. Allen's time to complete service. (*Id.*)

After the court granted Mr. Allen's motion for court-ordered service (*see* Doc. 46), the U.S. Marshals Service served the summons and complaint on VitalCore, the corporate DOC

health service contractor. (Doc. 49.)¹ Mr. Allen indicated that he had no way of locating the remaining individual defendants. (*See* Doc. 47.) To date, none of those remaining defendants have been served.

Currently pending is VitalCore's motion to dismiss under Fed. R. Civ. P. 12(b)(6). (Doc. 51.) In an Order dated November 22, 2024, the court directed Mr. Allen to respond to VitalCore's motion, or show cause why no response is required, by December 23, 2024. (Doc. 54.) The November 2024 Order cautioned that failure to respond could result in dismissal under Fed. R. Civ. P. 41(b). The docket reflects no response from Mr. Allen. The Magistrate Judge issued a Report and Recommendation ("R&R") on February 13, 2025, recommending dismissal of Plaintiff's claims against VitalCore without prejudice under Fed. R. Civ. P. 41(b) and denial of VitalCore's motion as moot. (Doc. 55.) Mr. Allen has not filed any objection.

After careful review of the file and the Magistrate Judge's Report and Recommendation, the R&R is AFFIRMED, APPROVED, and ADOPTED. *See* 28 U.S.C. § 636(b)(1). The court agrees with the R&R's findings and conclusions regarding the factors relevant to involuntary dismissal under Rule 41(b). *See Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (listing factors). Mr. Allen's failure to file any opposition to VitalCore's motion does not by itself establish that the complaint lacks any plausible claims against VitalCore. *See McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000) ("[T]he sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law.").

---

[1] The Amended Complaint identifies the corporate vendor only as "Vital Core." The vendor's full name appears to be VitalCore Health Strategies, LLC. *See* Vt. Agency of Hum. Servs., Dep't of Corr., *Vermont DOC Announces Health Services Contract with Wellpath, LLC*, https://doc.vermont.gov/press-release/vermont-doc-announces-health-services-contract-wellpath-llc [https://perma.cc/Z46W-8CQP]. The court refers to the corporate defendant as "VitalCore." VitalCore's contract with the DOC concluded in June 2023. *See id.* (noting that Wellpath, LLC's contract began on July 1, 2023).

But he failed to respond by the December 23, 2024 deadline stated in the court's November 2024 Order. That Order also put Mr. Allen on notice that failure to comply could result in dismissal. This case was filed in 2021, and further delay is likely prejudicial to VitalCore. Mr. Allen has received multiple opportunities to be heard, but he has failed to take advantage of those opportunities, and his failure to communicate with the court for more than six months weighs in favor of dismissal. Mr. Allen's failure to respond for this long period of time indicates that there is no less drastic sanction that would be effective.

For these reasons, the court agrees with the R&R that Mr. Allen's claims against VitalCore should be DISMISSED without prejudice under Rule 41(b). As recommended in the R&R, the court therefore also DENIES VitalCore's Rule 12(b)(6) motion as moot.

The R&R does not address any of Mr. Allen's claims against the remaining defendants, none of whom have been served. Although the court granted Mr. Allen's motion for court-ordered service (*see* Doc. 46), Mr. Allen has indicated that he has no way of locating the other defendants (*see* Doc. 47). The court recognizes its obligation "to assist a *pro se* plaintiff in identifying a defendant." *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997) (per curiam). But Mr. Allen's lack of communication with the court for an extended period suggests that attempting any such assistance would be futile. The court hereby notifies Mr. Allen that it will dismiss the action against the remaining defendants under Fed. R. Civ. P. 4(m) unless he shows good cause by **March 28, 2025,** for extending the time for service.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 10th day of March, 2025.

/s/ Geoffrey W. Crawford
District Judge
United States District Court

3